```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
                                                          :
In re                                                     :
                                                          :   Case No.: 21-42255-JMM
    NAXOS CLEANERS, INC.,                                 :
                                                          :   Involuntary Petition
                        Alleged Debtor.                   :   for Relief Under Chapter 7
---------------------------------------------------------. X
                                                          :
NAXOS CLEANERS, INC.,                                     :
                                                          :   **MEMORANDUM DECISION AND**
                        Appellant,                        :   **ORDER**
                                                          :
            - against -                                   :   22-cv-2677 (BMC)
                                                          :   22-cv-3352 (BMC)
155 CALYER STREET, INC.; POKEY JOMO,                      :
INC.; and NINTH STREET ASSOCIATES,                        :
                                                          :
                        Appellees.                        :
                                                          :
----------------------------------------------------------X
```

**COGAN**, District Judge.

These appeals are from two orders of the Bankruptcy Court arising from the involuntary Chapter 7 petition filed against Appellant-Debtor by Appellees-Creditors. In the first order, the Bankruptcy Court denied the Debtor's motion to dismiss the involuntary Chapter 7 petition. In the second order, the Bankruptcy Court granted the involuntary petition (based on the Debtor's failure to timely controvert it). I consolidated the two appeals since they are substantially related.

After the entry of the two orders and the filing of the Debtor's notices of appeal, the Debtor elected to convert the case to a Chapter 11 proceeding, as a debtor may do as of right. See 11 U.S.C. § 1112. Based on that conversion, the Creditors have moved to dismiss the appeals on the ground that by electing to proceed under Chapter 11, the Debtor has mooted its appeals from orders issued in the prior incarnation of the case under Chapter 7.

As the Creditors point out, the Second Circuit has recently considered this issue on materially indistinguishable facts. See In re Speer, 771 F. App'x 25 (2d Cir. 2019). There, as here, creditors filed an involuntary Chapter 7 petition and the bankruptcy court granted it; and while the debtor's appeal from that order was pending, the debtor elected to convert the case to Chapter 11. On motion of the creditors, the case was then re-converted back to Chapter 7. The Second Circuit held:

> The original conversion of Speer's case from Chapter 7 to Chapter 11 mooted her appeal of the bankruptcy court's grant of the Creditors' Chapter 7 petition. … In a bankruptcy case, mootness can … be based on "jurisdictional and equitable considerations stemming from the impracticability of fashioning fair and effective judicial relief. The conversion of a petition from one chapter to another generally moots an appeal taken from an order in the original chapter, because a voluntary conversion is an election of remedies that obviates the need for further litigation of issues based on the original bankruptcy petition. Moreover, a conversion generally renders a plan under the prior chapter irrelevant and leaves courts unable to provide effective relief with respect to that plan.

Speer, 771 F. App'x at 27 (citations and quotations omitted).

Although Speer is a summary order and thus non-precedential, this Court has an obligation to consider it carefully. "[A] district court is not "'at liberty ... to disregard [or] contradict a Second Circuit ruling squarely on point merely because it was rendered in a summary order.'" United States v. Smith, 489 F. Supp. 3d 167, 172 (E.D.N.Y. 2020), quoting, Abrue v. United States, No. 16-cr-5052, 2020 WL 4570338, at *4 (S.D.N.Y. Aug. 7, 2020). See also United States v. Tejeda, 824 F. Supp. 2d 473, 475 (S.D.N.Y. 2010); Mendez v. Starwood Hotels & Resorts Worldwide, Inc., 746 F. Supp. 2d 575, 595 (S.D.N.Y. 2010) (summary orders offer "some indication of how the Court of Appeals might rule were it to decide the issue in a binding opinion").

I agree that the outcome of <u>Speer</u> controls here although I see the question somewhat differently than the Second Circuit. As noted above, in <u>Speer</u>, not only had the debtor converted the case to Chapter 11, but after the conversion, the bankruptcy court granted the creditors' motion to re-convert the case back to Chapter 7. In my view, it is the re-conversion order, not the debtor's conversion election, that moved the case from being "very possibly moot" to "definitely moot."

It is true that in many if not most cases, conversion to Chapter 11 will moot appeals from Orders in the Chapter 7 case. But that is because once a debtor elects to convert, during the time the Chapter 7 Orders are being appealed, the case moves on – things happen in the Bankruptcy Court under the Chapter 11 case – for example, payment of interim fee applications or voting on a plan a reorganization – that cannot efficiently be undone. That typical situation is the reason for the doctrine of equitable mootness. See <u>In re Trico Marine Services, Inc.</u>, 337 B.R. 811, 815 (Bank. S.D.N.Y. 2006) ("the principal concern [of equitable mootness] is whether and to what extent it is feasible to unscramble the egg."). This doctrine is broader than mootness under Article III of the Constitution. It usually is invoked in confirmed Chapter 11 cases. See <u>In re: Metromedia Fiber Network, Inc.</u>, 416 F.3d 136, 143-45 (2d Cir. 2005); <u>In re Chateauguay Corp.</u>, 988 F.2d 322, 325 (2d Cir. 1993). To avoid equitable mootness, a debtor must obtain a stay of the bankruptcy court's orders under appeal so that the status of the case doesn't materially change while an appeal is pending.

The Creditors have submitted no evidence that the egg cannot be unscrambled. By relying solely on an automatic waiver theory based on the Debtor's conversion of the case to Chapter 11, they have not demonstrated grounds to invoke equitable mootness. To hold otherwise would confuse mootness with the waiver. For all I know, it would have been no

3

problem at all, especially considering the short time frame for the disposition of these appeals, for the parties to have been placed back in substantially the same positions they were in before the Bankruptcy Court's Chapter 7 Orders.

That may not be a frequently encountered scenario because, as noted, things usually happen in a Chapter 11 case while appeals are pending. But the Creditors had to give me something in their motion to show that the expected – a material change in circumstance during the appeal – actually occurred, as waiver of the right to appeal by an action that does not even reference the appeal should require some showing of prejudice. Here, there is no such showing. Thus, to the extent Speer suggests an "automatic" waiver by reason of a conversion election, I must respectfully disagree.

However, subsequent to the filing of this motion, there was a significant further event that puts this case on all fours with Speer: After the Debtor converted the case to Chapter 11, the Creditors moved to convert the case back to Chapter 7. The Bankruptcy Court granted that motion on August 3, 2022.[1] It is my view that the Bankruptcy Court's unstayed August 3rd Order – not the debtor's election to convert to Chapter 11 – made these appeals moot.

This may or may not be the case as a matter of equitable mootness, but it is under the definition of mootness under Article III. Simply stated, there is nothing this Court can do for the Debtor on these appeals. Even if the Court reversed the Bankruptcy Court's Orders – the granting of the involuntary petition and the denial of the Debtor's motion to dismiss it – that would not afford the Debtor effective relief. The Debtor still would be in Chapter 7 pursuant to the Bankruptcy Court's August 3rd Order. And that Order is not before me.

---

[1] The Court takes judicial notice of entries on the Bankruptcy Court's docket sheet. See Magnifico v. Blumenthal, 417 F.3d 391, 398 (2d Cir. 2006).

4

Accordingly, because the Court cannot afford effective relief by resolving these appeals, the Court grants the Creditors' motion to dismiss them as moot.

**SO ORDERED.**

_____
Digitally signed by Brian M. Cogan
U.S.D.J.

Dated: Brooklyn, New York
       August 9, 2022